IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

Sarah Perkins
On behalf of herself
And all others similarly situated,

                              **Plaintiffs,**

v.

Superior Home Health Services, LLC
Superior Manor of Festus, LLC
Superior Manor of Downtown, LLC
Superior in Home Health Services, LLC
And Family United Home Health Care II, LLC

                              **Defendants.**

Case No. 3:23-cv-5039

# COMPLAINT

### Collective and Class Action Claims

**COMES NOW** the Plaintiff, Sarah Perkins, on behalf of herself, and all others similarly situated, by and through counsel, and hereby sets forth his representative action for violation of the Fair Labor Standards Act under 29 USC § 216(b) as follows:

### PRELIMINARY STATEMENT

1. Plaintiff, Sarah Perkins, and all other similarly situated employees (collectively "Plaintiffs") bring this action against Defendants Superior Home Health Services, LLC, Superior Manor of Festus, LLC, Superior Manor of Downtown, LLC, Superior in Home Health Services, LLC, and Family United Home Health Care II, LLC (collectively "Defendants") for unpaid minimum wage and overtime compensation and related penalties and damages. Defendants' policy, practice and/or procedure has been, and continues to be, to willfully fail and refuse to properly pay minimum wages, straight time and overtime

1

compensation due and owing to Plaintiff and all other similarly situated employees. Doing so is in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Defendants' practices are in direct violation of the FLSA, and Plaintiffs seek injunctive and declaratory relief; minimum wages for all hours worked, suffered or permitted by Defendants; overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney fees, costs, and expenses incurred in this action.

## PARTIES

1. Plaintiff Sarah Perkins currently resides in Newton County, Missouri. Plaintiff was employed as an aide for Defendants and Defendants' place of business located in St. Louis, Missouri. Sarah Perkin's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A.

2. The Putative Class Members are those employees and former employees of Defendants who worked in the position of aide, or otherwise had similar job duties and compensation structures as Plaintiff, and who worked for Defendants at its various locations, who were suffered or permitted to work by Defendants while not being paid minimum wages, straight time and overtime compensation for all hours worked in excess of forty hours in a workweek.

3. Defendant Superior Home Health Services, LLC is a Missouri Limited Liability Company doing business in the State of Missouri with the registered agent Sara Winbush and principal office being located at 4200 West Maragretta Ave., St. Louis MO 63115. Service may be made on Defendant by serving its registered agent, Sara Winbush, at 12 Paddock Hills Plaza, Florissant, MO 63033.

4. Defendant Superior Manor of Festus, LLC is a Missouri Limited Liability Company doing business in the State of Missouri with the registered agent Sara Winbush and principal office being located at 12827 State Rd. TT, Festus, MO 63028. Service may be made on Defendant by serving its registered agent, Sara Winbush, at 12 Paddock Hills Plaza, Florissant, MO 63033.

5. Defendant Superior Manor of Downtown, LLC is a Missouri Limited Liability Company doing business in the State of Missouri with the registered agent Sara Winbush and principal office being located at 1501 Clinton St. St. Louis MO. 63106. Service may be made on Defendant by serving its registered agent, Sara Winbush, at 4200 West Margaretta, St. Louis, MO 63141.

6. Defendant Superior in Home Health Services, LLC is a Missouri Limited Liability Company doing business in the State of Missouri with the owner listed as Sara Winbush and principal office being located at 4200 W Margaretta Ave, St. Louis, MO 63115. Service may be made on Defendant by serving its owner, Sara Nicole Winbush

7. Defendants Superior Home Health Services, LLC, Superior Manor of Festus, LLC, Superior Manor of Downtown, LLC, Superior in Home Health Services, LLC, and Family United Home Health Care II, LLC and Superior Manor of Downtown, LLC, employ numerous other Aides who work out of their business location in East Missouri.

8. At all relevant times, Defendants Superior Home Health Services, LLC, Superior Manor of Festus, LLC, Superior Manor of Downtown, LLC, Superior in Home Health Services, LLC, and Family United Home Health Care II, LLC, exercised significant control over the terms and conditions of the employment of the Plaintiff and all other PCAs.

9. At all relevant times, Defendants Superior Home Health Services, LLC, Superior Manor of Festus, LLC, Superior Manor of Downtown, LLC, Superior in Home Health Services, LLC, and Family United Home Health Care II, LLC, jointly held the authority to hire and fire Plaintiff and the putative class members.

10. At all relevant times, Defendants Superior Home Health Services, LLC, Superior Manor of Festus, LLC, Superior Manor of Downtown, LLC, Superior in Home Health Services, LLC, and Family United Home Health Care II, LLC, jointly held the authority to supervise and control the work schedules and the conditions of employment for the Plaintiff and the putative class members.

11. At all relevant times, Defendants Superior Home Health Services, LLC, Superior Manor of Festus, LLC, Superior Manor of Downtown, LLC, Superior in Home Health Services, LLC, and Family United Home Health Care II, LLC, jointly held the authority to determine the rate and method of payment to Plaintiff and the putative class members.

12. At all relevant times, Defendants Superior Home Health Services, LLC, Superior Manor of Festus, LLC, Superior Manor of Downtown, LLC, Superior in Home Health Services, LLC, and Family United Home Health Care II, LLC, jointly held the responsibility of maintaining the employment records of the Plaintiff and the putative class members.

13. At all relevant times, Defendants Superior Home Health Services, LLC, Superior Manor of Festus, LLC, Superior Manor of Downtown, LLC, Superior in Home Health Services, LLC, and Family United Home Health Care II, LLC, were the employers of Plaintiff and all other similarly situated employees and are thus jointly and severally liable to Plaintiff and all others similarly situated, as an employer, joint employer, single employer and/or otherwise according to statutory and common law.

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the FLSA, 29 U.S.C. § 201, *et seq.*

15. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendants conducts located within this District.

16. Venues are proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as the Defendants have offices, conduct business and can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in substantial part in the Western District of Missouri.

17. Venues are also proper under 29 U.S.C. § 1132(e)(2) because Defendants have substantial business contacts within the State of Missouri.

18. Plaintiffs bring Counts I and II (FLSA), as a collective action challenging Defendants' practices of compensating Plaintiffs and others similarly situated improperly and failing to properly compensate Plaintiffs and other similarly situated employees for all hours worked, including overtime compensation. The FLSA class is defined as:

    All Aides who worked for Superior Home Health Services, LLC, Superior Manor of Festus, LLC, Superior Manor of Downtown, LLC, Superior in Home Health Services, LLC, and Family United Home Health Care II, LLC from within three years prior to the Court's certification order (plus periods of applicable tolling).

19. Plaintiffs bring Count III (Mo. Rev. Stat. 290.500, *et. seq.*) and Count IV (unjust enrichment / quantum meruit) as a class action pursuant to Fed. R. Civ. P. 23 against Defendants. Plaintiff, individually, and behalf of others similarly situated, seek relief on a class basis challenging Defendants' practice of compensating Plaintiffs and others similarly situated. The Rule 23 classes are each defined as:

    A Missouri opt out class that includes (1) MMWL claims for "All Aides who worked

for Defendants from April __ 2020 through the present" and (1) Missouri unjust enrichment/quantum meruit claims for "All Aides who worked for Defendants from April __, 2018 to the present."

20. The classes satisfy the numerosity standards in that each class will number well into the hundreds. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail and electronic mail.

21. There are questions of fact and law common to the classes that predominate over any questions affecting individual members. The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

   a. Whether all class members were paid for all hours worked;

   b. Whether all class members were paid one and one half their regular rate of pay for all hours worked in excess of 40 in a workweek;

   c. Whether Defendants appropriately recorded the amount of time spent performing;

   d. Whether Defendants knew or had reason to know its policies and compensation practices were unlawful, and

   e. Whether Defendants retained a benefit from such unlawful policies and compensation practices.

22. The aforementioned common questions, among others, predominate over any questions affecting individual persons, and a class action is proper as it will achieve and promote consistency, economy, efficiency, fairness, and equity.

23. Plaintiffs' claims are typical of those of each Class in that class members have been employed paid pursuant to the same compensation structure as the Plaintiffs acting as

putative Class Representatives and were subject to the same or similar unlawful practices as the Plaintiffs acting as putative Class Representatives.

24. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members would create a risk of inconsistent and varying results, risk the establishment of incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

25. The Plaintiffs, acting as Class Representatives, are adequate representatives of the classes because their interests do not conflict with the interests of the members of the classes they seek to represent. The interests of the members of the classes will be fairly and adequately protected by the Plaintiffs acting as Class Representatives and their undersigned counsel, who have experience in employment and class action lawsuits.

26. Maintenance of this action as a class action is a fair and efficient method to resolve this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. Furthermore, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a class action can determine the rights of all class members in conformity with the interest of efficiency and judicial economy.

## COUNT I

## **FLSA OVERTIME CLAIM**

7

Case 3:23-cv-05039-BCW    Document 1    Filed 05/23/23    Page 7 of 18

27. As far as the factual allegations set forth above are applicable to the claims made in Count I, the Plaintiff hereby incorporates all the above paragraphs in this Complaint as if fully set forth in this Count.

28. Plaintiff Perkins was employed by the Defendants as an Aide from approximately February 2019 to the present.

29. Prior to and during Plaintiff's employment with the Defendants, the Defendants employed other individuals who had the same job duties and compensation structure as Plaintiff.

30. Plaintiff brings this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by the Defendants as Aides, and all other positions that have sufficiently similar job duties and compensation structures to that of Aides and who performed work for Defendants within three years from the commencement of this action who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

31. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to Section 16 of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiff because the claims of Ms. Perkins are similar to the claims of the putative plaintiffs of the representative action.

32. Ms. Perkins and the putative representative action plaintiffs are similarly situated, have substantially similar job requirements, duties and pay provisions, and are subject to Defendants' common practice, policy, or plan of refusing to pay straight time and overtime in violation of the FLSA.

33. The names and addresses of the putative members of the representative action are available from the Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

34. At all relevant times, Plaintiff, and all others similarly situated, were engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

35. At all relevant times, Defendants have been, and continues to be, "employers" or "joint employers" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, and/or continues to employ, "employee[s]," including each of the putative members of the FLSA representative action. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

36. The FLSA requires each non-exempt covered employee, such as Plaintiff and all others similarly situated, to be compensated at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

37. The FLSA requires each covered employer, such as the Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

38. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA. Ms. Perkins and

the putative members of the FLSA representative action are entitled to be paid overtime compensation for all overtime hours worked.

39. At all relevant times, Defendants have had a policy and practice of failing and refusing to pay full straight time and overtime pay to its Aides at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

40. The Defendants failed to compensate Plaintiff and all other similarly situated employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.,* including 29 U.S.C. § 207(a)(1).

41. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42. Ms. Perkins, on behalf of herself and all similarly situated employees of Defendants, seeks damages in the amount of all respective unpaid straight time and overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

43. Ms. Perkins, on behalf of herself and all similarly situated employees of Defendants, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed members of the FLSA representative action, prays for relief as follows:

   a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29

U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b);

b. Designation of Plaintiff Perkins as Representative Plaintiff of the putative members of the FLSA representative action;

c. Designation of Plaintiff's counsel, The Hodgson Law Firm, LLC as Class Counsel of the putative members of the FLSA Representative Action;

d. An award of damages for overtime compensation due for the Plaintiff and the putative members of the class, including liquidated damages, to be paid by Defendant;

e. Costs and expenses of this action incurred herein, in addition to reasonable attorney fees and expert fees;

f. Pre-Judgment and Post-Judgment interest, as provided by law; and

g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT II
## FLSA MINIMUM WAGE CLAIM

44. As far as said factual allegations are applicable to the claims made herein under the FLSA, the Plaintiff hereby incorporates the paragraphs listed above as if set forth fully herein.

45. The FLSA requires each covered employer to compensate all employees at a minimum rate of pay for all hours suffered or permitted to work in a workweek.

46. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive minimum wage under the FLSA and are not exempt from the requirement that their employer pay them minimum wage under the FLSA.

47. At all relevant times, Defendants have had a policy and practice of failing and refusing to pay the statutory minimum wage to its Aides for all hours worked in a workweek. Defendants' conduct of failing and refusing to pay minimum wages to the Plaintiff and other similarly situated employees has resulted in Defendants' ongoing violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 206.

48. The Defendants' violation of the FLSA is continual in nature, in that Defendants continues to fail and refuse to pay its Aides, and other employees with similar job duties and compensation structures, minimum wages due and owing for all hours worked in a workweek.

49. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. Plaintiff, on behalf of herself and all similarly situated employees of Defendants, seeks damages in the amount of all minimum wage compensation at the applicable minimum wage rates in effect at the time of performance of work, plus liquidated damages, as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

51. Plaintiff, on behalf of herself and all similarly situated employees of Defendants, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed members of the FLSA representative action, pray for relief as follows:

- a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. § 216(b);

- b. Designation of Plaintiff Perkins as Representative Plaintiff of the putative members of the FLSA representative action;

- c. Designation of Plaintiff's counsel, The Hodgson Law Firm, LLC as class counsel of the putative members of the FLSA representative action;

- d. An award of damages for all minimum wage compensation due for the Plaintiff and the putative class members, including liquidated damages, to be paid by Defendants.

- e. Costs and expenses of this action incurred herein, including reasonable attorneys fees and expert fees;

- f. Pre-Judgment and Post-Judgment interest, as provided by law; and

- g. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## COUNT III
## FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. § 290.500, *et. seq.*

52. Plaintiff incorporates the foregoing paragraphs 1 through and including 40 as if fully set forth herein.

53. Plaintiff and the putative class were employed by and worked for the Defendants.

54. Plaintiff and the putative class were not properly compensated for this work at the applicable rate of pay.

55. Plaintiff and the putative class were treated as exempt employees by the Defendants under the Missouri Wage statutes.

56. Defendants employ/employed other employees who performed similar job duties and are/were treated as exempt employees under the Missouri wage statutes. All such employees are hereby referred to as "similarly situated" employees, or "putative class members."

57. Said work often caused "similarly situated" employees to work in excess of forty (40) hours per week. These "similarly situated" employees were not properly compensated for this work at the applicable rate of pay.

58. The Missouri wage laws require each covered employer, such as Defendants, to compensate all employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

59. These employees are similarly situated in that they are all subject to Defendants' identical compensation policies and plan that fail to compensate them full minimum wage hours worked in excess of 40 in a workweek.

60. This Petition is brought and maintained as a class action for all state law claims asserted by the Plaintiffs because their claims are similar to the claims of the putative class members.

61. The names and addresses of the putative class members are available from Defendants.

The Defendants failed to compensate Plaintiff and the putative class members at the proper rate of pay, and therefore, Defendants has violated, and continues to violate, the Missouri wage laws, Mo. Rev. Stat. 290.500, *et. seq.,* including 8 C.S.R. 30-4.010 and 8 C.S.R. 30-4.020 (2).

62. The MWMHL requires each non-exempt covered employee, such as Plaintiff and all others similarly situated, to be compensated at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

63. The MWMHL requires each covered employer, such as the Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a workweek.

64. Plaintiff and the putative members of the MWMHL representative action are not exempt from the right to receive overtime pay under the MWMHL and are not exempt from the requirement that their employer pay them overtime compensation under the MWMHL. Ms. Perkins and the putative members of the MWMHL representative action are entitled to be paid overtime compensation for all overtime hours worked.

65. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose the putative class, seek damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensations at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the Missouri Minimum Wage Maximum Hours Laws and such other legal and equitable relief as the Court deems just and proper.

66. The Plaintiff, on behalf of herself and all similarly situated employees of Defendants who compose putative class, seeks recovery of all attorney fees, costs, and expenses of this

action, to be paid by Defendants, as provided by Mo. Rev. Stat. 290.500, *et. seq.*

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed class members, prays for relief as follows:

    a.    Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members (the Missouri Wage Law class), apprising them of the pendency of this action;

    b.    Designation of Plaintiff Perkins as Representative Plaintiff, acting for and on behalf of the putative class members;

    c.    A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wage Laws, Mo Rev. Stat. 290.500, *et seq.* and an injunction against the same;

    d.    An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiffs and the putative class by the Defendants;

    f.    Costs and expenses of this action incurred herein;

    g.    Reasonable attorneys' fees and expert fees;

    h.    Pre-Judgment and Post-Judgment interest, as provided by law; and

    i.    Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT

67. Plaintiff realleges and incorporate by reference each and every allegation and averment set forth in paragraphs 1 through and including 64 of this Petition as though fully set forth herein.

68. Defendants have been and are being enriched by making deficient payments for work performed by Plaintiffs and other similarly situated employees. Defendants have been and are being enriched at the expense of Plaintiff and other similarly situated employees because Plaintiffs and others were not properly compensated for their work.

69. Defendants intentionally refused to pay Plaintiff and other similarly situated employees at the proper rate for all hours worked. Defendants know or should know the proper rate of pay for Plaintiff and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendants.

70. It is unjust for Defendants to retain the benefits from the unpaid work performed by Plaintiffs and other similarly situated employees.

**WHEREFORE**, Plaintiff, on behalf of herself and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed putative class members and prompt issuance of notice to all putative class members (the Missouri Wage Law class), apprising them of the pendency of this action;

b. Designation of Plaintiff Perkins as Representative Plaintiff, acting for and on behalf of the putative class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. An award of restitution of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiffs and the putative class by the Defendants;

f. Costs and expenses of this action incurred herein;

g. Reasonable attorneys' fees and expert fees;

h. Pre-Judgment and Post-Judgment interest, as provided by law; and

i. Any and all such other and further relief as this Court deems necessary, just and proper.

### Designated Place of Trial

COMES NOW Plaintiff by and through his counsel of record and hereby designates the place of trial as follows: Kansas City, Missouri.

Respectfully submitted,

The Hodgson Law Firm, L.L.C.

*/s/ Michael Hodgson*
Michael Hodgson, MO 63677
3609 SW Pryor Road
Lee's Summit, MO 64082
Phone: (816) 600-0117
Email: mike@thehodgsonlawfirm.com

ATTORNEY FOR PLAINTIFFS