IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| SARAH PERKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:23-CV-05039-BCW |
| ) | |
| SUPERIOR HOME HEALTH SERVICES ) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER AND DEFAULT JUDGMENT

Before the Court is Plaintiff's Motion for Default Judgment. (Doc. #10). The Court, being duly advised of the premises, and with the Clerk of the Court having entered default against Defendants on February 9, 2024, grants said motion.

On May 23, 2023, Plaintiff filed the instant case against Defendants Superior Home Health Services, LLC, Superior Manor of Festus, LLC, Superior Manor of Downtown, LLC, Superior in Home Health Services, LLC, and Family United Home Health Care II, LLC, alleging violations of the Fair Labor Standards Act ("FLSA") (Doc. #1). On December 6, 2023, Plaintiff filed an amended complaint, adding Defendant Sara Winbush as a party. Defendants were served on June 16, 2023, August 25, 2023, and December 11, 2023, respectively. (Docs. #3, #5, and #8). Defendants did not file an answer or otherwise respond to the complaint.

On January 17, 2024, the Court issued an Order directing Defendants to show cause why default should not be entered against them. (Doc. #12). The Show Cause Order indicated Defendants' failure to timely show cause may result in an entry of default without further notice. The Order to Show Cause, which was also mailed to Defendants, directed Defendants to respond to the Order on

1

or before February 7, 2024.[1] Defendants filed no timely response to the Order to Show Cause. Therefore, the Clerk of the Court entered default against Defendants on February 9, 2024. (Doc. #15).

Plaintiff filed a motion for Default Judgment on January 11, 2024. (Doc. #10). Now that entry of default has been entered, the Court considers the instant motion.

"Under the Federal Rules of Civil Procedure, a court may grant default judgment under Rule 55(b) subsequent to an entry of default under Rule 55(a)." Mortg. Rsch. Ctr., LLC v. Lighthouse Credit Sols., Case No. 2:15-cv-4004-NKL, 2015 WL 6434552, at *1 (W.D. Mo. Oct. 21, 2015).

In considering a motion for default, the district court may take as true the factual allegations of the complaint. Id. (citing Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988) (after entry of default, defendant lacks standing to contest factual allegations underlying claims)). Whether a default judgment is reasonable falls within the district court's discretion. Id. (citing F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977)).

Here, with Defendants having failed to plead or otherwise defend in this action, and consistent with the Order of Default entered February 9, 2024 (Doc. #14) and the Entry of Default by Clerk entered on the same day (Doc. #15) the Court enters default judgment against Defendants on all claims as pled in Plaintiffs' Amended Complaint for damages.

**A. Plaintiff's damages for unpaid wages are reasonable.**

In the Court's Order for entry of default, Plaintiff was ordered to file an affidavit that set forth Plaintiff's damages in a sum certain. (Doc. #14). Plaintiff filed an affidavit (Doc. #16) seeking unpaid overtime wages for close to four years totaling $23,000.00 ($6.25 per hour of missing overtime x 20 hours per week of overtime = $125 per week = $500 per month x 46 months).[2] The Court finds these

---

[1] Some of the Orders that were mailed to Defendants were returned as undeliverable.
[2] Plaintiff asserted that the calculations in its affidavit equaled $23,250.00. (Doc. #16 at 2). However, the calculations equal $23,000).

damages appropriate and awards Plaintiff damages for unpaid overtime wages in a total amount of $23,000.00.

    B. **Plaintiff's damages for penalties under § 290.527 are reasonable but must be adjusted**.

Plaintiff also seeks damages for penalties under Mo. Rev. Stat § 290.527 in the amount of $46,500. Section 290.527 allows for a penalty award equal to twice the unpaid wages owed. Therefore, the most Plaintiff can be awarded for penalty under the Missouri statute is $46,000 ($23,000 of unpaid wages x 2). The Court finds these damages appropriate and awards Plaintiff $46,000 in penalties under § 290.527.

    C. **Plaintiff's requested attorney's fees are not reasonable**.

Finally, Plaintiff is also seeking attorney's fees based on the lodestar value (the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate) of $21,230.00. When determining reasonable attorney's fees using the lodestar method, the Court must first calculate the lodestar by multiplying the number of hours worked by the prevailing hourly rate. (Internal emphasis omitted) Anderson v. Creve Coeur Urgent Care, LLC, No. 4:16CV2136 HEA, 2022 U.S. Dist. LEXIS 178136, at *6 (E.D. Mo. Sep. 29, 2022) (quoting Vines v. Welspun Pipes Inc., 9 F.4th 849, 855 (8th Cir. 2021)). The court may "rely on reconstructed time entries to calculate the hours worked if those entries satisfactorily document the time," but "should exclude hours that were not reasonably expended from its calculations." Id. (citing Childress v. Fox Assocs., LLC, 932 F.3d 1165, 1172 (8th Cir. 2019)).

    Here, Plaintiff's attorney files a separate affidavit (Doc. #16-1) indicating that he recorded 38.6 hours of work in connection with the instant action and that the lodestar value of his time is $21,230.00. However, Plaintiff's attorney states that his staff do not have records of the time spent on the instant action and neither does he offer any records for the Court to review. On two occasions,

3

Case 3:23-cv-05039-BCW     Document 20     Filed 03/29/24     Page 3 of 4

the Court sent e-mail correspondence to Plaintiff's attorney giving him the opportunity to supplement his affidavit with records to support his calculations. Plaintiff's attorney did not respond to either.

The instant action has been open for almost a year and does not indicate enough activity to support Plaintiff's attorney expended 38.6 hours on the case. Plaintiff's attorney does not offer in his affidavit any records to show what actions were taken within those 38.6 hours for the Court to consider whether that time was reasonably expended. The attorney also declined to supplement the affidavit with records to support his calculated hours. Therefore, the Court finds that 38.6 hours were not reasonably expended in connection with the case. Without sufficient information to determine how many hours were expended in the instant case, the Court cannot determine a reasonable amount of attorney's fees. Accordingly, the Court denies Plaintiff's request for attorney's fees.

Therefore, in total, the Court awards Plaintiff damages of $69,000.00 against Defendants (unpaid wages + penalties under § 290.527). Accordingly, it is hereby

ORDERED Plaintiff's Motion for Default Judgment (Doc. #10) is GRANTED. It is further

ORDERED that Defendants are liable to the Plaintiff for damages in an amount of $69,000.00 inclusive of liquidated damages, costs, and interest according to law from the date of this judgment until the entire amount is paid.

IT IS SO ORDERED.

DATE: <u>March 29, 2024</u>  /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT